| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO.**<br>**1437 Bannock Street, Denver, CO 80202**<br>**Telephone: (720) 865-8301** | DATE FILED: October 8, 2021 4:54 PM<br>FILING ID: 37952425796E2<br>CASE NUMBER: 2021CV33198 |
| **DIAMOND EXTERIORS LLC**,<br><br>Plaintiff,<br><br>v.<br><br>**COUNTRY MUTUAL INSURANCE COMPANY**, an Illinois corporation,<br><br>Defendant. | ^COURT USE ONLY^ |
| *Attorney for Plaintiff*<br>David J. Furtado, No. 28002<br>Furtado Law PC<br>3773 Cherry Creek North Drive, Ste. 755<br>Denver, CO 80209<br>Telephone: (303) 755-2929<br>Facsimile: (303) 309-6463<br>E-Mail:  dfurtado@furtadolaw.com | Case No:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Diamond Exteriors LLC ("Plaintiff"), by counsel, submits this Complaint and Jury Demand against the Defendant Country Mutual Insurance Company ("Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking economic and non-economic damages pursuant to C.R.S. §§10-3-1115 and 10-3-1116 arising from Defendant's unreasonable delay and denial of timely payment for insurance benefits including recoverable depreciation.

**EXHIBIT A**

## PARTIES

2. Plaintiff is a limited liability company in good standing in the State of Colorado. Its principal address is P.O. Box 903, Castle Rock, CO 80104.

3. Upon information and belief, Defendant is an Illinois corporation with its principal place of business at 1711 GE Road, 3rd Floor, Bloomington, IL 61704.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action and the parties hereto pursuant to C.R.S. § 13-1-124(1)(d).

5. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

## GENERAL ALLEGATIONS

6. Elizabeth Whitney ("Whitney") sought and obtained an insurance policy—Policy No. AK5590035 (the "Policy")—from Defendant for her home at 1002 4th Avenue, Greeley, CO 80631 (the "Property").

7. On or about September 11, 2019, during the Policy period, a hailstorm caused damage to the Property.

8. Whitney filed a claim with Defendant. Defendant issued Whitney claim number 164-0064657 (the "Claim").

9. On or about September 17, 2019, Whitney assigned all rights to pursue and collect insurance proceeds from the Claim to Plaintiff.

10. On or about September 19, 2019, Defendant's adjuster, Bob Moore ("Moore"), drafted an estimate of the cost to repair the damage to the Property. Moore determined a replacement cost value (RCV) of $8,513.39 and an actual cash value (ACV) of $5,181.93.

Moore issued Whitney a claim payment of $4,181.93, which Moore represented was the amount of damage covered under the Policy less Whitney's $1000 deductible.

11. On or about January 9, 2020, Plaintiff provided an invoice to Defendant for the completed repairs to the Property's roof and gutters, noting a replacement cost value of $18,166.58.

12. On or about January 10, 2020, Moore provided a revised estimate of the cost to repair the damage to the Property with the following determinations: RCV: $9,221.91; ACV: $8,947.61. Moore also issued Whitney a claim payment of $3,765.68.

13. On or about February 20, 2020, Plaintiff prepared an invoice for all repairs to the Property, noting a RCV of $87,283.35. Plaintiff provided said invoice to Defendant on February 25, 2020.

14. On or about February 26, 2020, Plaintiff emailed Defendant and expressed disagreement with the amount of loss calculated on the Claim. Plaintiff demanded for appraisal in writing pursuant to the Policy and named Mark Higgins at 6060 Group as its appraiser.

15. Upon information and belief, Defendant failed to name an appraiser within the period required by the terms of the Policy.

16. On or about March 6, 2020, Alyssa E. Chirlin of Smith Jadin Johnson, PLLC provided written notice to Defendant of its failure to comply with the terms of the Policy and requested that Defendant appoint an appraiser and contact Plaintiff's appraiser.

17. On or about March 11, 2020, Moore drafted a revised estimate of the cost to repair the damage to the Property with the following determinations: RCV: $10,464.17; ACV: $10,052.18.

18. On or about March 20, 2020, Whitney assigned "all insurance right, benefits and proceeds under any applicable insurance policies" to Plaintiff regarding the Claim. Whitney also authorized and instructed direct payment of any benefits or proceeds to Plaintiff.

19. On or about September 1, 2020, an appraisal umpire signed an appraisal award on the Claim with the following determinations: RCV: $32,440.41; ACV: $21,751.70. Upon information and belief, the scope of the appraisal award covered the cost perform asbestos abatement and siding replacement on two sides of the Property.

20. Upon information and belief, Plaintiff performed the asbestos abatement and siding replacement within the scope of the appraisal award in November 2020.

21. Upon information and belief, Plaintiff additionally performed asbestos abatement and siding replacement on the two sides of the Property that were outside the scope of the appraisal award.

22. On or about December 28, 2020, Plaintiff invoiced Defendant for $32,440.41 for the work performed within the scope of the appraisal award.

23. On or about January 4, 2021, an agent of Defendant visited the Property to verify that the repairs performed by Plaintiff were completed.

24. On January 26, 2021, Plaintiff emailed counsel for Defendant, Brendan O. Powers ("Powers"), an itemized invoice of the costs to perform repairs to the Property within the scope of the appraisal award, as well as documentation showing that the asbestos abatement was completed. Plaintiff expressly informed Powers that the invoice was only for costs within the scope of the appraisal award and requested that Defendant issue the remaining appraisal award payment.

25. On January 26, 2021, Powers responded to Plaintiff's email. Powers questioned the veracity of Plaintiff's invoice, requested that Plaintiff identify and provide information regarding its subcontractors, and refused to release payment on the basis that Defendant owed only for actual costs. Plaintiff denied Powers' requests and reassured Powers that the invoice was only for costs within the scope of the appraisal award.

26. On January 27, 2021, Powers again emailed Plaintiff and demanded that Plaintiff either disclose the identity of its subcontractors or provide the material and labor invoices from its subcontractors. Plaintiff denied this request.

27. On January 31, 2021, Powers again emailed Plaintiff and demanded that Plaintiff disclose the identity of its subcontractors or provide the material and labor invoices from its subcontractors. Powers additionally implied Defendant's intent to void the insurance policy unless Plaintiff succumbed to Defendant's demands.

28. Upon information and belief, on or about February 1, 2021, an agent of Defendant contacted Plaintiff's subcontractor under false pretenses to obtain information related to the Claim.

29. Upon information and belief, the appraisal award amount is evidence that Defendant's initial valuation of the claim was incorrect and unreasonably delayed. Upon information and belief, Plaintiff should not have had to invoke appraisal to get a fair valuation of the claim.

30. Although Plaintiff provided Defendant with the necessary documentation to recover covered benefits, Defendant has unreasonably delayed and denied Plaintiff claims for benefits by failing to conduct a reasonable investigation and evaluation of the damage to the Property, and by failing to properly adjust the loss with all available information.

31. Because of Defendant's conduct in unreasonably delaying and denying Plaintiff's claims for benefits due and owing under the Policy, Plaintiff has incurred and continues to incur damages.

## FIRST CLAIM FOR RELIEF

*(Violation of C.R.S. §10-3-1115 and Relief Pursuant to §10-3-1116)*

32. Plaintiff incorporates the allegations contained in the Paragraphs 1 through 31 as if fully set forth herein.

33. C.R.S. §10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

34. Plaintiff is a first-party claimant under C.R.S. §10-3-1115.

35. Defendant has denied the Plaintiff's claim without a reasonable basis within the meaning of C.R.S. §10-3-1115.

36. C.R.S. §10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed by an insurer may bring an action in Colorado district court to recover reasonable attorneys' fees and court costs and two times the covered benefit.

37. Defendant has unreasonably delayed payment of the appraisal award by failing to thoroughly investigate and evaluate the damage to the Property. Defendant has unreasonably delayed payment of the appraisal award by refusing to remit payment despite knowledge of Plaintiff's performance of repairs within the scope of the appraisal award.

38. Plaintiff brings this claim to recover his reasonable attorneys' fees and court costs and two times the covered benefit, as allowed under C.R.S. §10-3-1116.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendant on its Claims for Relief as follows:

1. Two times the amount of all covered benefits under the Policy;

2. Costs, expert witness fees, and attorneys' fees per statute incurred in prosecuting its claims;

3. Pre- and post-judgment interest; and

4. For such other and further relief as this Court may deem just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS**

Respectfully submitted this 8th day of October 2021.

FURTADO LAW PC

*/s/ David J. Furtado*
**Attorney for Plaintiff**
David J. Furtado, No. 28002
Furtado Law PC
3773 Cherry Creek North Drive, Ste. 755
Denver, CO 80209
Telephone: (303) 755-2929
Facsimile: (303) 309-6463
E-Mail:  dfurtado@furtadolaw.com